[Cite as *State v. Harkins*, 2012-Ohio-4746.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2012 CA 2 |
| v. | : | T.C. NO.    10CR384 |
| | | 11CR64 |
| SHANNON HARKINS | : | (Criminal appeal from |
| | | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___12th___ day of ___October___, 2012.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
       Attorney for Plaintiff-Appellee

MARCY A. VONDERWELL-HULL, Atty. Reg. No. 0078311, 260 North Detroit Street, Xenia, Ohio 45385
       Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     Defendant-appellant Shannon Harkins appeals from his conviction and sentence in Case No. 2010 CR 0384 (hereinafter referred to as "Case 1") for one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2), a felony of the second degree.  Harkins also appeals his conviction and sentence in Case No. 2011 CR 0064 (hereinafter referred to as "Case 2")

for one count of pandering obscenities involving a minor, in violation of R.C. 2907.321(A)(5), a felony of the fourth degree, and one count of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(5), also a felony of the fourth degree. Harkins filed a timely notice of appeal on January 11, 2012.

{¶ 2} In Case I, Harkins was indicted on June 28, 2010, for four counts of pandering obscenity involving a minor and five counts of pandering sexually oriented material involving a minor. These charges stem from an incident which occurred between June 1 and 2, 2010, wherein Harkins sent nine photographs of nude children to a woman who lives in Hamilton County, Ohio.

{¶ 3} In Case 2, Harkins was indicted on January 31, 2011, for thirty counts of pandering obscenity involving a minor and thirty-two counts of pandering sexually oriented matter involving a minor. These charges stem from an incident where, pursuant to a search warrant, police discovered several obscene photographs on Harkins' cell phone depicting children engaged in sexual activity. On May 31, the State filed a motion to consolidate Cases 1 and 2. The trial court granted the motion on June 1, 2011.

{¶ 4} On November 17, 2011, Harkins pled guilty to one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2) in Case 1. In Case 2, Harkins pled guilty to one count of pandering obscenities involving a minor, in violation of R.C. 2907.321(A)(5), and one count of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(5). In exchange for Harkins' guilty pleas, the State agreed to dismiss all of the remaining counts in Cases 1 and 2. The trial court found Harkins guilty and scheduled a sentencing hearing for December 1, 2011.

{¶ 5} On November 23, 2011, Harkins filed a motion to withdraw his guilty pleas, claiming that he had been pressured into entering the pleas. After a hearing on December 1, 2011, the trial court denied Harkins' motion to withdraw. The trial court, however, did not journalize its

decision. On December 13, 2011, the trial court sentenced Harkins to an aggregate prison term of fourteen years. Harkins was also classified as a Tier II sex offender.[1]

{¶ 6} It is from this judgment that Harkins now appeals.

{¶ 7} Harkins' first assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ALLOW THE DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING."

{¶ 9} In his first assignment, Harkins contends that the trial court erred when it overruled his pre-sentence motion to withdraw his guilty pleas.

{¶ 10} A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty or no contest may
>
> be made only before sentence is imposed; but to correct
>
> manifest injustice the court after sentence may set aside
>
> the judgment of conviction and permit the defendant to
>
> withdraw his or her plea.

{¶ 11} The Ohio Supreme Court has ruled that a trial court should "freely and liberally grant" a pre-sentence motion to withdraw a guilty plea, provided that the defendant provides a reasonable and legitimate basis for the withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 526-27, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id*. at paragraph one of the syllabus. A decision to allow the withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court. *Id*. at paragraph two of

---

[1] During the plea colloquy, the trial court mistakenly informed Harkins that he would be classified as a Tier III sex offender. This mistake was corrected by agreement of the parties at the hearing on Harkins' motion to withdraw.

the syllabus.

{¶ 12}   In reviewing whether the trial court abused its discretion, we apply the following factors: "(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion." *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 1st Dist.2001), citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 13}   Initially, we note that Harkins concedes that he was represented by highly competent counsel who acted appropriately on his behalf.  Moreover, Harkins concedes that he received a full Crim. R. 11 hearing before entering his plea, and his plea was made knowingly, voluntarily, and intelligently.   Upon review, we note that Harkins indicated that he was satisfied with the representation afforded him, and he had sufficient time to discuss the matter with his lawyer. Harkins stated that he had completed approximately eleven years of school.  Harkins acknowledged that he had not been threatened or promised anything other than the dismissal of the bulk of the charges against him in return for his guilty pleas.  Harkins stated he was not under the influence of drugs or alcohol.  Harkins did not indicate to the court that he was under any emotional stress.  Harkins indicated that his plea was voluntary and acknowledged that he understood the nature of the charges against him.  Harkins acknowledged all of his rights, indicated that he understood them, and signed the plea forms.

{¶ 14}   On appeal, Harkins argues that he was not allowed by the trial court to adduce any evidence in support of his motion to withdraw.  Specifically, Harkins asserts that the trial court did not personally address him during the hearing, "thus precluding the trial court from determining whether it may have had cause to grant" his motion to withdraw.  At the beginning of the hearing on the motion to withdraw, however, the following exchange occurred:

> Trial Court: *** Subsequent to taking this plea,
>
> the Defense filed a motion to withdraw the pleas.
>
> *Ms. Marlow, do you wish to put anything further*
>
> *on record at this time regarding the motion?*
>
> Defense Counsel: *Not at this time, Your Honor.*

{¶ 15} Towards the end of the hearing, the trial court, once again, asked defense counsel whether she wanted to put anything further on the record regarding the arguments she made in the motion to withdraw. Defense counsel again informed the trial court that she did not have any additional evidence to present. In doing so, defense counsel waived the opportunity to present the testimony of Harkins regarding his rationale for wanting to withdraw his guilty pleas.

{¶ 16} Upon review, we conclude that the trial court did not err when it overruled Harkins' motion to withdraw. Although brief, Harkins was given an opportunity to present evidence on his request to withdraw his pleas. The trial court provided defense counsel the opportunity to present additional evidence, including Harkins' own testimony, in support of the motion to withdraw. Defense counsel, however, waived the opportunity to adduce any evidence, essentially allowing the written motion to speak for itself.

{¶ 17} In his motion, Harkins stated that he did "not believe he had adequate time to contemplate the offer" and felt "that he was pressured into entering into the plea." We note that the record reveals that the case was pending for one and one-half years. Additionally, the initial offer to plead guilty on the morning of trial was initiated by Harkins, after which he accepted the counteroffer of the State. Without more, Harkins' basis for seeking the withdrawal of his guilty pleas amounts only to a change of heart. There is no evidence in the record of the plea hearing or the oral hearing on the motion to withdraw which establishes that Harkins was under duress of any kind. Even in pre-sentence motions to withdraw a guilty plea, a change of heart is not sufficient grounds to allow

withdrawal of the guilty plea. *State v. Sylvester*, 2d Dist. Montgomery No. 22289, 2008-Ohio-2901.

**{¶ 18}** Simply put, there is no indication from the record that Harkins' decision to file a motion to withdraw his pleas was anything other than a mere "change of heart," which is not a sufficient basis upon which a defendant can rely in order to successfully withdraw his guilty pleas. Under these circumstances, the trial court did not abuse its discretion in denying Harkins' motion to withdraw his guilty pleas.

**{¶ 19}** Harkins' first assignment of error is overruled.

**{¶ 20}** Harkins' final assignment of error is as follows:

**{¶ 21}** "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW."

**{¶ 22}** In his final assignment, Harkins argues that the trial court was without authority to impose an additional two years and nine months to *each* of the counts to which he plead guilty. Specifically, Harkins argues that the trial court's imposition of any time over two years and nine months for violation of his post-release control was contrary to law.

**{¶ 23}** In its brief, the State concedes that Harkins should have only been sentenced to two years and nine months total, rather than five years and six months, for the violation of his post-release control. At the time of his sentencing in the instant case, two years and nine months was the remaining time on his post-release control sentence for a previous conviction in 2006. The State notes that the Ohio Department of Rehabilitations and Corrections has already addressed the issue and corrected Harkins' release date to reflect the correct prison term for the post-release control violation. However, because the trial court erred when it sentenced Harkins to the two distinct two year and nine month terms for the post-release control violations, this portion of his sentence is reversed. This matter is remanded for the limited purpose of the trial court preparing a corrected sentencing entry.

**{¶ 24}** Harkins' second assignment is sustained.

**{¶ 25}** Harkins' second assignment of error having been sustained, his sentence is reversed,

and this matter is remanded for proceedings consistent with this opinion.  In all other respects, the

judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and VUKOVICH, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief
Justice of the Supreme Court of Ohio).

Copies mailed to:

Lisa M. Fannin
Marcy A. Vonderwell-Hull
Hon. Richard J. O'Neill