[Cite as *State v. Wells*, 2015-Ohio-39.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| SHAWN S. WELLS | : | Case No. 14-CA-36 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Court of Common Pleas, Case No.
                             14 CR 00061


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT:            January 7, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         WILLIAM T. CRAMER
Licking County Prosecutor                 470 Olde Worthington Road, Suite 200
                                          Westerville, OH 43082
By: JUSTIN T. RADIC
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, OH 43055

*Baldwin, J.*

{¶1} Appellant Shawn S. Wells appeals a judgment of the Licking County Common Pleas Court sentencing him to an aggregate term of incarceration of 20 years and nine months upon a plea of guilty to kidnapping (R.C. 2905.01(A)(4)) and failure of a sex offender to provide notice of change of address (R.C. 2950.05(B)). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On January 27, 2014, appellant went to a model home located in Pataskala, Ohio, where the victim was working as a sales representative. Appellant pretended to be interested in purchasing a home, and made multiple attempts to lure the victim into remote areas of the home. The victim was suspicious of appellant's behavior, and would not accompany him to those areas of the home. The victim briefly turned her back on appellant, and he put her in a headlock and pulled her to the ground. He attempted to pull her shirt down and pulled her hair. She briefly got away from appellant, but he grabbed her leg in an attempt to pull her back to him. She got away and fled to another house in the neighborhood.

{¶3} Appellant was on post-release control at the time of the offense. Further, he was required to register as a sex offender due to a prior rape conviction. Appellant was charged by indictment with two counts of kidnapping, attempted rape, abduction, and failure of a sex offender to provide notice of a change of address. Appellant entered a guilty plea to one count of kidnapping and failure to provide notice of change of address. On April 28, 2014, the court sentenced appellant to nine years on each

count, to be served consecutively. The court also sentenced appellant to 33 months remaining on his post-release control time as of the date of the offense, also to be served consecutively, for an aggregate term of 20 years and nine months incarceration.

{¶4} Appellant assigns a single error to the sentence:

{¶5} "THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.141 BY CALCULATING THE MAXIMUM SANCTION FOR A POST-RELEASE CONTROL VIOLATION BASED ON THE DATE OF THE NEW OFFENSE RATHER THAN THE DATE OF THE CONVICTION FOR THE NEW OFFENSE."

{¶6} R.C. 2929.141(A)(1) allows a sentencing court to impose an additional sentence for violation of post-release control:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by

the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶7}   In *State v. Harris*, 1st Dist. Hamilton No. C-130442, 2014-Ohio-4237, the Court of Appeals for the First District addressed the same issue raised by the instant case. The court held that the post-release control for the earlier felony did not terminate until the trial court imposed a prison term for the post-release control violation, and the trial court therefore should have credited Harris for the entire amount of time he spent on post-release control for the earlier felony, rather than limiting his credit to the amount of time he spent on post-release control before committing the new felony. *Id.* at ¶40.

{¶8}   We agree with the reasoning of the First District in the *Harris* case. In the instant case, appellant remained on post-release control while awaiting sentencing for the violation of post-release control; therefore, the time remaining on his post-release control sanction should have been calculated from the date of sentencing, April 28, 2014, rather than from the date of the offense, January 27, 2014.

{¶9}     The assignment of error is sustained.  The judgment of the Licking County Common Pleas Court is reversed, and this cause is remanded to that court for resentencing in accordance with this opinion.  Costs are assessed to appellee.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.