[Cite as *State v. Anderson*, 2018-Ohio-1776.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2017-L-070**<br>**2017-L-071** |
| JOSEPH R. ANDERSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2017 CR 000193 and 2016 CR 000589.

Judgment: Affirmed in part; reversed in part and remanded.


*Charles E. Coulson*, Lake County Prosecutor, *Karen A. Sheppert*, Assistant Prosecutor, and *Kelsey R. Lutz*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1} Appellant, Joseph R. Anderson, appeals his convictions and sentences after pleading guilty in two separate Lake County Court of Common Pleas cases. He challenges the length of his sentences and the court's imposition of two, one-year

prison terms for his post-release control violations on a 2006 felonious assault. We affirm in part, reverse in part, and remand.

{¶2} In case number 2016-CR-589, his 2016 case, Anderson pleaded guilty to two counts of attempted felonious assault, third-degree felonies in violation of R.C. 2923.02 and 2903.11(A)(1). These charges arose from a bar fight during which Anderson assaulted several individuals. One of the victims suffered a concussion and bruised ribs, and another victim sustained a fractured right forearm and cuts to his face.

{¶3} In case number 2017-CR-193, his 2017 case, Anderson pleaded guilty to felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1). The charge in this case arose following Anderson's assault of his friend, Keith Hamilton, who had been staying with Anderson and his girlfriend. Anderson believed Hamilton stole $200 from Anderson's girlfriend's purse, so Anderson attacked him when he returned to their shared residence. Hamilton was in intensive care for two days, suffered facial and orbital fractures, and needed reconstructive facial surgery from his injuries.

{¶4} Anderson was serving a single term of post-release control for his 2006 felonious assault conviction at the time he committed these 2016 and 2017 offenses.

{¶5} Following a consolidated sentencing hearing, the trial court issued separate sentencing entries. Anderson was sentenced to a total of 16 years, comprised of two, 36-month prison terms for the two attempted felonious assault charges stemming from the bar fight in his 2016 case to run consecutive to eight years in his 2017 case for the felonious assault of Hamilton to run consecutive to a one-year term for Anderson's post-release control violation on his 2006 felonious assault, based on his convictions in his 2016 case, and another one-year prison term for his post-release control violation on his 2006 felonious assault, based on his conviction in his 2017 case.

2

{¶6} Anderson's first of two assigned errors asserts:

{¶7} "The trial court's imposition of two judicial sanction prison terms is contrary to law."

{¶8} We review alleged sentencing errors under R.C. 2953.08(G)(2), which states in part:

{¶9} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶10} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶11} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶12} "(b) That the sentence is otherwise contrary to law."

{¶13} Anderson challenges the trial court's imposition of two, one-year prison terms for his post-release control violations as contrary to law because the plain language of R.C. 2929.141 only allows a sentencing court to impose one prison term for a post-release control violation. The state agrees and concedes error.

{¶14} R.C. 2929.141 states:

**{¶15}** "(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

**{¶16}** "(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony."

**{¶17}** R.C. 2929.141(A)(1) states that upon sentencing an offender for a new felony, a court may also impose "a" prison term for the post-release control violation in addition to any prison term for the new felony. It then states that the imposition of "a" prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony. The plain language of R.C. 2929.141 authorizes the imposition of a singular prison term for a post-release control violation even when multiple post-release control violations occur.

**{¶18}** In *State v. Harkins*, 2d Dist. Clark No. 2012 CA 2, 2012-Ohio-4746, the Second Appellate District considered an analogous issue when the trial court there

4

imposed two prison terms for Harkins' post-release control violations based on Harkins' two separate criminal cases commenced while he was on post-release control. Finding error, *Harkins* reversed and directed the trial court on remand to prepare a corrected sentencing entry based on the erroneous imposition of two distinct terms for the post-release control violations. *Id.* at ¶22-24.

**{¶19}** Thus, Anderson's first assigned error has merit because the trial court's imposition of a second, one-year term of imprisonment for his post-release control violations in his 2006 case is contrary to law.

**{¶20}** Anderson's second assignment of error asserts:

**{¶21}** "The trial court erred by sentencing the defendant-appellant to fourteen years in prison."

**{¶22}** As previously stated, an appellate court may vacate a sentence only when it clearly and convincingly finds that the sentence is contrary to law or if it finds "by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶23.

**{¶23}** "Neither R.C. 2929.11 nor 2929.12 requires trial courts to give reasons for their sentencing decisions or to make specific findings. R.C. 2929.11 requires only that courts be guided by certain principles (like the purposes of felony sentencing) and consider certain matters (like deterrence and rehabilitation). And R.C. 2929.12 requires courts only to consider factors relating to the seriousness of an offender's conduct and the likelihood of recidivism. 'Trial courts, therefore, are required to consider the factors set forth in R.C. 2929.12, but they need not articulate their considerations explicitly on the record.' *State v. Mabra,* 2d Dist. Clark No. 2014-CA-147, 2015-Ohio-5493, ¶56."

*State v. Brandon*, 2d Dist. Clark Nos. 2014-CA-143, 2014-CA-144, and 2014-CA-145, 2016-Ohio-227, ¶8.

**{¶24}** Here, Anderson argues the trial court erred when it imposed an eight-year prison term and two, 36-month prison terms where its findings under R.C. 2929.11 and 2929.12 were not supported by the record. He challenges the length of the prison terms, not the imposition of consecutive terms. Anderson claims the trial court ignored mitigating factors including his abusive childhood and the fact that he suffers from post-traumatic stress disorder, resulting from his prior prison term.

**{¶25}** Anderson also asserts the trial court's conclusion that he showed little remorse was contrary to the evidence. He directs our attention to his presentence investigation report that quotes him as expressing remorse for his actions. He also points to his statements at the sentencing hearing as establishing his regret and sorrow for the victims. Thus, he claims his sentence is contrary to law. We disagree.

**{¶26}** The trial court explained its consideration of the mitigation and recidivism factors at Anderson's sentencing. It found recidivism was more likely since he was on post-release control at the time he committed these offenses and noted that he was out on bond in case number 2016-CR-589 when he committed the offense in case number 2017-CR-193. It explained:

**{¶27}** "In terms of recidivism the [20]16 case was committed while on post release control from a felonious assault maximum prison term that I imposed in 2006. The Defendant was released from prison on December 9, 2014. He was put on 3 years of post release control. A year and a half later on May 28, 2016 he committed the first two crimes. The plea was attempted felonious assault, 2 counts. He bonded out and

6

the 193 case was committed on January 29th, 2017 while out on bond on the 589 case, and while on post release control from the 2006 prison case."

{¶28} The trial court also emphasized that Anderson had a high score on the Ohio Risk Assessment test, a long criminal history, and that he hid from police when they came to arrest him. It also found that Anderson committed the worst form of each of the offenses based on the physical, psychological, and financial harm suffered by the victims.

{¶29} Upon explaining its consideration of the applicable factors, the trial court stated that Anderson failed to take any steps to secure mental health treatment when he was released from prison in 2014 despite his participation in prison programs. Moreover, the trial court discredited Anderson's statements of remorse, stating:

{¶30} "The court finds little remorse. Based on what he told [the] probation department, he was blaming the victims for their addictions. Blaming the victim for stealing money. All used as a justification for his assaults. Most importantly, he expects others to know what his triggers are, which is extremely unrealistic in today's society. Recidivism is more likely * * *."

{¶31} Based on the foregoing, the trial court's findings are supported by the record, and Anderson's second assigned error lacks merit.

{¶32} The trial court's decision is affirmed in part, reversed in part, and remanded for resentencing consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

7