[Cite as *State v. Evilsizor*, 2018-Ohio-3599.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. CASE NOS. 2017-CA-1 |
| Plaintiff-Appellee | : | 2017-CA-10 |
| | : | |
| v. | : | T.C. NOS. 2016-CR-107 |
| | : | 2016-CA-120 |
| ANDREW D. EVILSIZOR | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 7th day of September, 2018.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor, 200 N. Main Street, Urbana, Ohio 43078
       Attorney for Plaintiff-Appellee

BRYAN SCOTT HICKS, Atty. Reg. No. 0065022, P.O. Box 359, Lebanon, Ohio 45036
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Andrew D. Evilsizor pled guilty in the Champaign County Court of Common Pleas to trafficking in cocaine, a fourth-degree felony, in Case No. 2016 CR 107 and to breaking and entering, a fifth-degree felony, in the Case No. 2016 CR 120. Two additional charges were dismissed.

{¶ 2} In a combined sentencing hearing, the trial court sentenced Evilsizor to 14 months in prison for trafficking in cocaine and to 10 months in prison for breaking and entering, to be served consecutively. In Case No. 2016 CR 107, the trial court also revoked Evilsizor's post-release control and ordered him to serve 730 days in prison, consecutively to the prison term for the new offense (trafficking in cocaine). Evilsizor was ordered to pay legal fees and court costs in both cases and to pay restitution of $1,700 to the complainant in Case No. 2016 CR 120.

{¶ 3} Evilsizor's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that, after a careful review of the record, he was "unable to identify any errors committed by the trial court and determine[d] that any argument to be made on the Defendant's behalf would necessarily be frivolous." By entry, we informed Evilsizor that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed. Upon our independent review, we identified a non-frivolous issue and ordered new counsel to be appointed.

{¶ 4} Evilsizor, with new appellate counsel, now raises two assignments of error, both of which relate to the trial court's termination of post-release control and the imposition of a prison sentence for the post-release control violation. For the following

reasons, the trial court's judgment in Case No. 2016 CR 107 will be reversed as to the imposition of a prison sentence for Evilsizor's violation of post-release control, and the matter will be remanded for resentencing on that issue; in all other respects, the trial court's judgment in Case No. 2016 CR 107 will be affirmed. The trial court's judgment in Case No. 2016 CR 120 will be affirmed in its entirety.

## I. Background and Procedural History

{¶ 5} According to the presentence investigation report (PSI), on September 3, 2015, a confidential informant went to the home of Misty Shorten to purchase $30 of crack cocaine. Shorten had told the informant that the crack cocaine would be delivered by "Andy." A police officer who was monitoring the transaction from an unmarked vehicle saw Evilsizor enter the residence. The informant reported that he gave the money to Shorten, who gave it to Evilsizor; Evilsizor then gave the crack cocaine to the informant. The informant left the residence and gave the crack cocaine to the police.

{¶ 6} During the overnight hours of December 16-17, 2015, Evilsizor broke into the garage of Glenn Anderson and stole Anderson's all-terrain vehicle (ATV). At approximately 12:30 a.m. on December 17, Evilsizor crashed the ATV on the bicycle trail near Cedar Bog. He contacted his aunt and uncle and asked them to pick him up; they located Evilsizor in a ditch, covered in blood, and transported him to the hospital. Evilsizor sustained serious injuries in the crash.

{¶ 7} At the time of both offenses, Evilsizor was on post-release control from a prior Champaign County case, Case No. 2012 CR 146; Evilsizor's post-release control began on June 13, 2015. The PSI indicates that Evilsizor had 1013 days remaining on post-release control when he committed the September offense and 908 days remaining on

post-release control when he committed the December offense.

{¶ 8} On April 6, 2016, Evilsizor was indicted in two separate cases for his actions in September and December 2015. In Case No. 2016 CR 107, Evilsizor was charged with trafficking in cocaine (less than five grams), a fourth-degree felony, and possession of cocaine (less than five grams), a fifth-degree felony. In Case No. 2016 CR 120, Evilsizor was charged with breaking and entering, a fifth-degree felony, and grand theft of a motor vehicle, a fourth-degree felony.

{¶ 9} On July 1, 2016, in a joint plea hearing, Evilsizor pled guilty to trafficking in cocaine in Case No. 2016 CR 107 and to breaking and entering in the Case No. 2016 CR 120. In exchange for the pleas, the State agreed to dismiss the remaining two charges, to recommend a PSI, and to review the report. During the plea hearing, the trial court informed Evilsizor of the maximum possible sentences in each case, including a maximum of 1,013 days and 908 days, respectively, for the post-release control violations. The court told Evilsizor that if maximum consecutive sentences and maximum post-release control penalties were imposed, he could receive "30 months of prison for the underlying offenses plus 1,921 days of post-release control penalty." The court accepted Evilsizor's guilty pleas and ordered a PSI.

{¶ 10} Evilsizor sought a continuance of sentencing in order to obtain medical assessments. (Evilsizor continued to suffer medical consequences from the ATV crash.) The State did not opposed the motion, and the trial court granted the request. Evilsizor sought a second continuance, which was opposed by the State. The trial court denied the motion, and Evilsizor was sentenced for both cases on September 26, 2016.

{¶ 11} As stated above, the trial court imposed consecutive sentences totaling 24

months in prison for the underlying offenses. The trial court also revoked Evilsizor's post-release control in Case No. 2016 CR 107 and ordered him to serve 730 days in prison, consecutively to the prison term for the new offense (trafficking in cocaine). Evilsizor was ordered to pay legal fees and court costs in both cases, and to pay restitution of $1,700 to the complainant in Case No. 2016 CR 120.

## II. Time Remaining on Post-Release Control

{¶ 12} Evilsizor's assignments of error state:

[1.] The Court improperly calculated how much PRC time Evilsizor was subject to.

[2.] The Court improperly imposed or believed it could impose PRC penalties on multiple cases.

We will address these assignments of error together.

{¶ 13} R.C. 2929.141 addresses sentencing on a felony committed by a person under post-release control at the time of the offense. It provides, in relevant part:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release

control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶ 14} The record reflects that, at the time of both offenses, Evilsizor was serving three years of post-release control in Case No. 2012 CR 146. Evilsizor had 1,013 days remaining on his post-release control at the time of the September offenses and 908 days of post-release control remaining at the time of the December offense.

{¶ 15} When informing Evilsizor at the plea hearing of the potential maximum sentences he faced, the trial court stated:

THE COURT: * * * [Trafficking in cocaine] carries a maximum 18 months in prison, maximum fine of $5,000, and a mandatory driver's license suspension of not less than six month and no more than five years. Do you understand?

THE WITNESS: Yes, sir.

THE COURT: Do you also understand that there is an indication that you had

1,013 days of post-release control that you are still subject to. Which means that if the Court were to impose a post-release control penalty, the Court can impose the maximum amount, which is 1,013 days. And that if in fact the Court does impose that, that must be served consecutive to any prison term imposed on the underlying trafficking in cocaine offense?

THE WITNESS: Yes.

THE COURT: And so do you understand that your maximum penalty could be the 18 months plus the 1,013 days?

THE WITNESS: Yes, sir, I understand.

THE COURT: In case number 2016 CR 120, Count One is breaking and entering. * * * It carries with it a maximum 12 months in prison and a maximum fine of $2,500. The Court has been informed in that case that you have 908 days of post-release control supervision left. Which means that if the Court elects to impose the post-release control penalty in that case, that any penalty imposed would mandatorily run consecutive to the underlying prison term in the breaking and entering case. Do you understand?

THE WITNESS: Yes.

THE COURT: So your total prison term in that case could be a maximum of 12 months in prison plus the 908 days. Do you understand that?

THE WITNESS: Yes.

THE COURT: At the time of sentencing the Court has to decide whether the sentences would be served concurrent or consecutive to each other in both cases. Concurrent means that they are served at the same time. Consecutive means

that they are served one after the other. If you were to receive maximum consecutive sentences with maximum post-release control penalty impositions, you could receive 30 months of prison for the underlying offenses plus 1,921 days of post-release control penalty. Do you understand?

The WITNESS: Yes.

The trial court repeated the substance of this notification at sentencing.

{¶ 16} The trial court erred when it told Evilsizor that it could separately revoke his post-release control in both cases and then run the "post-release control penalty" consecutively. Pursuant to R.C. 2929.141, the trial court was authorized at sentencing to terminate Evilsizor's post-release control and to impose "a" prison term up to the amount remaining on his post-release control or 12 months in prison, whichever was greater, as a penalty for Evilsizor's violation of post-release control. "The plain language of R.C. 2929.141 authorizes the imposition of a singular prison term for a post-release control violation even when multiple post-release control violations occur." *State v. Anderson*, 11th Dist. Lake Nos. 2017-L-070, 2017-L-071, 2018-Ohio-1776, ¶ 17. *See also State v. Harkins*, 2d Dist. Clark No. 2012 CA 2, 2012-Ohio-4746, ¶ 23 ("the trial court erred when it sentenced Harkins to the two distinct two year and nine month terms for the post-release control violations").

{¶ 17} Evilsizor was serving three years of post-release control both at the time of the offenses and at sentencing. Under the plain language of R.C. 2929.141, the trial court could not terminate his post-release control twice in two separate cases. We note that, had the court actually done so and imposed 1,921 days in prison as a "post-release control penalty," that time would have amounted to more than 5 years and 3 months in

prison – significantly more than the three years of post-release control originally imposed.

{¶ 18} Despite this obvious error in the trial court's R.C. 2929.141 notification, we find no basis to conclude that Evilsizor was prejudiced by the trial court's misstatement. Evilsizor agreed to plead guilty even after being told that he could possibly receive a greater post-release control penalty than actually permitted by statute. Evilsizor does not argue – nor, under the specific facts before us, could he reasonably argue -- that he would not have pled guilty had he been told that the maximum possible post-release control penalty was a shorter amount of time. *Accord, e.g., State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 10 ("It is usually the case that 'where the trial court erroneously overstates the length of additional prison time that can be imposed for a violation of post-release-control conditions, the defendant is not prejudiced.' "). Accordingly, Evilsizor's second assignment of error is overruled.

{¶ 19} Evilsizor further argues that the trial court erred in imposing a sentence for violating post-release control based on the amount of time remaining on Evilsizor's post-release control at the time of the offense, rather than the amount of time he had remaining on post-release control at sentencing. Because the trial court did not impose a prison sentence for the post-release control violation in Case No. 2016 CR 120, this argument applies only to Case No. 2016 CR 107.

{¶ 20} R.C. 2929.141 directs the actions that a trial court may take *at sentencing* regarding an individual who was convicted of or pled guilty to a felony and was on post-release control at the time of the commission of the felony. As stated above, the statute gives the trial court the discretion to terminate post-release control and impose a prison sentence, the maximum term of which may be the greater of 12 months or "the period of

post-release control for the earlier felony *minus any time the person has spent under post-release control for the earlier felony.*" (Emphasis added.) R.C. 2929.141(A)(1) expressly states that the imposition of the prison term terminates the period of post-release control for the earlier felony. Accordingly, by the statute's plain language, the relevant time for determining the amount of time remaining on an offender's post-release control is at sentencing, when post-release control is terminated by the court. *See, e.g., State v. Wells*, 5th Dist. Licking No. 14-CA-36, 2015-Ohio-39, ¶ 7-8 (time remaining on defendant's post-release control should have been calculated from the date of sentencing, not the date of the new offense); *State v. Harris*, 1st Dist. Hamilton No. C-130442, 2014-Ohio-4237, ¶ 40 (defendant's post-release control, which was not administratively revoked, did not terminate until the trial court imposed a prison term for the post-release control violation). *Accord Harkins*, 2d Dist. Clark No. 2012 CA 2, 2012-Ohio-4746, at ¶ 23 (calculating time remaining on post-release control from date of sentencing).

{¶ 21} Correspondence from the Adult Parole Authority from April 2016, which was attached to the "Plea of Guilty Agreement and Entry," indicated that Evilsizor's post-release control began on June 13, 2015. The trial court sentenced him on the new offenses and the post-release control violation on September 26, 2016. There is no indication in the record that Evilsizor's post-release control was administratively revoked during the pendency of this case or that the length of Evilsizor's post-release control was modified pursuant to R.C. 2967.28. Accordingly, at sentencing, it appears that Evilsizor had approximately one year and eight months remaining on his post-release control. The trial court imposed a "PRC penalty" of 730 days (two years).

{¶ 22} Because the prison sentence imposed under R.C. 2929.141 exceeded the amount of time remaining on Evilsizor's post-release control, that prison sentence for the post-release control violation must be reversed, and the matter must be remanded for resentencing on this issue. We emphasize that R.C. 2929.141 establishes the maximum prison term for a violation of post-release control. Upon remand, the trial court may exercise its discretion, up to the statutory maximum, in determining the appropriate prison term for Evilsizor's post-release control violation.

{¶ 23} Evilsizor's assignments of error are sustained.

### III. Conclusion

{¶ 24} The trial court's judgment in Case No. 2016 CR 107 will be reversed as to the imposition of a prison sentence for Evilsizor's violation of post-release control, and the matter will be remanded for resentencing on that issue; in all other respects, the trial court's judgment in Case No. 2016 CR 107 will be affirmed.

{¶ 25} The trial court's judgment in Case No. 2016 CR 120 will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Jane A. Napier
Bryan Scott Hicks
Hon. Nick A. Selvaggio