[Cite as *State v. Cheek*, 2022-Ohio-4736.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. No. 2022-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 115 |
| | : | |
| NICHOLAS IRA RAY CHEEK | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 29, 2022

. . . . . . . . . . .

KEVIN S. TALEBI by JANE A. NAPIER, Attorney for Appellee

CARLO C. MCGINNIS, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Nicholas Ira Ray Cheek appeals from his conviction in the Champaign County Common Pleas Court following his guilty plea to one count of felonious assault. For the following reasons, we affirm the judgment of the trial court.

## I. Procedural History and Facts

{¶ 2} On June 7, 2021, Cheek was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), with a prior conviction specification and a repeat violent offender specification, a felony of the second degree; one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree; one count of escape, in violation of R.C. 2921.34(A)(3), a felony of the fifth degree; and one count of failure to register, in violation of R.C. 2950.05(E)(2) and 2950.99(A)(1)(b)(i), a felony of the third degree. Both the felonious assault and domestic violence incidents were alleged to have occurred on or about April 21, 2021 to April 22, 2021, and involved the same individual. At the time of the alleged offenses, Cheek was serving a period of post-release control ("PRC") for an unrelated case out of Logan County, Ohio. Thus, on April 23, 2021, Cheek was declared a violator at large by the adult parole authority and a holder was placed on him. Cheek was eventually arrested on May 14, 2021. Because Cheek's whereabouts were unknown during that time, he was also charged in the indictment with escape and failure to register. An additional charge was later added by way of bill of information to one count of intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(A), a misdemeanor of the first degree.

{¶ 3} On December 29, 2021, Cheek entered a negotiated guilty plea to one count of felonious assault with a specification that he had previously been convicted of a prior

felony offense of violence, and the remaining charges and specifications were dismissed. The parties agreed to recommend a sentence of a mandatory minimum term of five years in prison up to a maximum of seven-and-one-half years in prison in accordance with Reagan Tokes Act sentencing. Further, while the parties agreed that Cheek was subject to the potential imposition of 743 days of PRC enhancement time for having committed a new felony while on PRC, the State agreed to remain silent as to whether the trial court should impose any PRC enhancement time.

{¶ 4} Cheek waived a presentence investigation report, and the trial court immediately imposed sentence. In accordance with the plea agreement, the trial court imposed a mandatory prison sentence of a minimum of five years up to a maximum of seven-and-one-half years. The trial court elected to terminate Cheek's PRC and impose a prison sanction for the 743 days remaining on PRC to be served consecutively to Cheek's underlying prison sentence. Cheek was informed he was subject to PRC upon his release from prison for a period of up to three years but not less than 18 months. He was given jail time credit of 230 days. Cheek filed a timely notice of appeal.

## II. Assignment of Error

{¶ 5} Cheek's sole assignment of error on appeal states the following:

APPELLANT'S PLEA AND SENTENCE PROCEEDINGS WERE CONTRARY TO LAW.

{¶ 6} Although raised as a single assignment of error with several subsections, Cheek's arguments can be boiled down to the following two issues: 1) the trial court erred in imposing a prison term for his PRC violation, and 2) his guilty plea was not made

knowingly, intelligently, and voluntarily because the trial court erroneously informed him that he could be subject to prison time for his PRC violation. We will first consider whether the trial court erred in imposing a prison term for Cheek's PRC violation.

### a. Validity of Imposing PRC Enhancement Time

{¶ 7} Cheek contends that when he was arrested on May 14, 2021, and held in custody as a result of the Adult Parole Authority ("APA") issuing a holder on him, this confinement constituted an administrative prison sanction under R.C. 2967.28. Because he was sentenced on his prior felony offense to 12 months in prison, the maximum time he faced for a PRC violation pursuant to R.C. 2967.28 was one-half of the stated prison term originally imposed, i.e., 6 months. However, since he remained in custody throughout the duration of his new felony case, which was beyond the 6-month maximum, then his PRC administratively terminated, and the trial court lacked the ability to impose any additional prison time for violating PRC. We disagree.

{¶ 8} There is no dispute that Cheek was on PRC at the time he committed the new felony offense. "Post-release control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35. According to State's Exhibit 1 attached to the plea agreement and agreed to by the parties, Cheek was placed on PRC for 1,095 days beginning on December 22, 2020. Between December 22, 2020, and December 29, 2021, the day he was sentenced on the current felony case, Cheek accumulated a total of 352 days of credit toward his PRC time.

During that time frame, Cheek's PRC time was temporarily tolled as a result of him being declared a violator at large on April 23, 2021, until he was arrested on May 13, 2021. *See* R.C. 2967.15(C)(1) ("The time between the date on which a person * * * is declared to be a violator or violator at large and the date on which that person is returned to custody in this state under the immediate control of the adult parole authority shall not be counted * * * as a part of the term of post-release control."). Thus, at the time of his sentencing, Cheek had 743 days of PRC time remaining.

{¶ 9} In making his argument, Cheek conflates the application of R.C. 2967.28 and R.C. 2929.141. Whereas R.C. 2967.28 contemplates an administrative process overseen by the APA and parole board regarding PRC violations, R.C. 2929.141 contemplates a judicial process utilized by the trial court when imposing a sentence for an offender who commits a new felony while on PRC.

{¶ 10} When an offender is released from prison on PRC, he or she falls under the general jurisdiction of the APA and is supervised by parole officers as if the offender had been released on parole. R.C. 2967.28(F)(1). "If the Adult Parole Authority determines that an offender has violated a condition of postrelease control, it may impose a more restrictive condition (but not a residential sanction that includes a prison term) or it may refer the matter for a hearing before the parole board, which has the authority to impose a prison term for a postrelease-control violation. * * * Importantly, courts are not involved in determining whether a violation occurred or what the sanction should be. The sanction, even if a prison term, is administratively imposed." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 51. "However, the maximum cumulative

prison term for all violations under R.C. 2967.28(F)(3) 'shall not exceed one-half' of the stated prison term originally imposed." *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11. Notably, these time limits for prison terms imposed as a PRC sanction apply only to prison terms imposed "*under this division*." (Emphasis added.) R.C. 2967.28(F)(3).

**{¶ 11}** R.C. 2929.141, on the other hand, "addresses sentencing on a felony committed by a person under post-release control at the time of the offense." *State v. Evilsizor*, 2d Dist. Champaign Nos. 2017-CA-1 and 2017-CA-10, 2018-Ohio-3599, ¶ 13. Thus, R.C. 2929.141 provides a judicial process whereby a defendant who commits a new felony offense while on PRC can be ordered by the trial court that is imposing sentence on the new felony offense to serve additional sanctions for violating PRC, including a prison term. If a prison term is imposed for the PRC violation, it "shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony." R.C. 2929.141(A)(1). If the trial court imposes a prison term for the PRC violation, it will terminate the period of PRC for the earlier felony and the prison term must be served consecutively to the prison term imposed on the new felony. However, the statute also provides that "[i]n all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction." *Id.* Thus, the statute contemplates that a defendant can face administrative sanctions, judicial sanctions, or both for committing a new felony offense in violation of the terms of PRC.

{¶ 12} In this case, there is no evidence in the record that the parole board imposed an administrative prison sanction on Cheek as a result of his PRC violation. Cheek was arrested on May 14, 2021, and subsequently charged in the Champaign County Municipal Court for his felony offenses and held on bond. Cheek remained in custody after he was indicted and during the remainder of the felony proceedings. The record reflects that during the status conference hearing on September 22, 2021, Cheek informed the trial court there was an "APA holder" on him. Status Conf. Hrg. Tr., p. 9. However, an APA holder, which signifies the APA's intention to pursue administrative sanctions upon obtaining access to a releasee, is not the same as an administrative prison sanction imposed by the parole board under R.C. 2967.28(F)(3) following a hearing. We note that the trial court provided Cheek with 230 days of jail time credit for his new felony offense, which the trial court calculated from May 14, 2021 through December 29, 2021. Thus, we do not agree that the time Cheek was held in custody was pursuant to an administrative prison sanction that ultimately terminated his PRC. Nor do we find that it affected the trial court's ability to impose additional prison time in accordance with R.C. 2929.141 for his PRC violation. Consequently, the trial court did not err in imposing 743 days in prison for Cheek's PRC violation.

{¶ 13} To the extent that Cheek attempts to claim a constitutional violation occurred as a result of his being held in custody by the APA holder and facing additional prison time for his PRC sanctions, he failed to raise this argument in the trial court. "It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal." *State v. Linehan*, 2d Dist. Montgomery No. 16841, 1998 WL

905347, *4 (Sept. 4, 1998). Although this court has discretion to consider a waived constitutional challenge for plain error, we decline to do so in this case.

### b. Plea Hearing

{¶ 14} Cheek also argues that the trial court misinformed him of the possibility of receiving additional time in prison as a result of the PRC enhancement penalty and claims that this misinformation resulted in his plea not being made knowingly, intelligently, and voluntarily. Cheek explains that because the trial court could not impose any prison time for the PRC violation, then informing him during the plea hearing that he was subject to the additional 743 days was error and resulted in his plea not being knowingly, intelligently, and voluntarily entered. Considering our disposition above, the trial court did not err in informing Cheek that he was subject to 743 days in prison for the PRC violation, and Cheek's guilty plea was valid.

{¶ 15} Due process requires that a defendant's guilty plea be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 25. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13, citing *Boykin* at 243. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Vieney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Redavide*, 2d Dist.

Montgomery No. 26070, 2015-Ohio-3056, ¶ 12.

{¶ 16} Pertinent to this case, where a defendant commits a new felony offense while on PRC, the trial court may terminate the term of PRC remaining and impose a prison term for the PRC violation.   R.C. 2929.141(A).    If a prison term is imposed for the PRC violation, it "shall be served consecutively to any prison term imposed for the new felony."   R.C. 2929.141(A)(1).   Thus, in cases where a PRC sanction could be imposed, "Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant * * * during his plea hearing in [the] new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control and to impose a consecutive prison sentence for the postrelease-control violation."   *Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, at ¶ 21.

{¶ 17} The transcript reveals that the trial court thoroughly complied with all Crim.R. 11 plea requirements.   As it relates to the imposition of the potential PRC enhancement penalty, the court unambiguously reviewed with Cheek the maximum amount of prison time he faced for PRC sanctions.   While Cheek initially stated that he thought the PRC time remaining was 723 days, after reviewing the time frame with his counsel, Cheek explicitly stated that he agreed there were 743 days remaining on PRC.   Plea and Sentencing Tr., p. 13-14.   The court explained that although it had discretion to impose the 743 days of PRC time remaining, if that time were imposed, then the PRC sanction must be served consecutively to the underlying prison term.    Thereafter, Cheek confirmed he understood that in a "worst case scenario," the court could impose a maximum sentence of 8 to 12 years in prison for the underlying offense and then impose

an additional 743 days for the PRC enhancement penalty, which must be served consecutive to the underlying offense. *Id.* at p. 16-17. Furthermore, the written plea form, which was reviewed in open court and signed by Cheek, stated that "[t]he parties agree that the Defendant is subject to the imposition of seven hundred forty-three (743) days of potential Post-Release Control (PRC) Enhancement Time as indicated on State's Exhibit 1." Based on this record, we cannot conclude that Cheek did not knowingly, intelligently, and voluntarily enter his guilty plea.

### III. Conclusion

{¶ 18} Having rejected all of Cheek's arguments, we overrule his sole assignment of error and affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.