[Cite as *State v. Bishop*, 2017-Ohio-8332.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27496 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-3494 |
| | : | |
| DUSTIN S. BISHOP | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of October, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Dustin S. Bishop appeals from his conviction and sentence on one count of drug possession, a fifth-degree felony.

{¶ 2} Bishop advances two assignments of error. First, he contends the trial court erred in accepting a guilty plea that he did not enter knowingly, intelligently, and voluntarily. Second, he claims the trial court abused its discretion in failing to address factual inaccuracies in his presentence-investigation report as required by R.C. 2951.03(B)(5).

{¶ 3} The record reflects that Bishop pled guilty to drug possession in exchange for dismissal of a misdemeanor drug-paraphernalia charge. Following a pre-sentence investigation, the trial court imposed a nine-month prison sentence for the drug possession. Because Bishop was on post-release control (PRC) when he committed the drug offense, the trial court also revoked PRC and imposed a consecutive one-year prison sentence for the PRC violation.

{¶ 4} In his first assignment of error, Bishop challenges the validity of his guilty plea. Specifically, he contends the trial court never advised him that he faced a consecutive prison term if it revoked his existing PRC. In support, Bishop relies on *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, and *State v. Landgraf*, 2d Dist. Clark No. 2014 CA 12, 2014-Ohio-5448.

{¶ 5} In *Branham*, the defendant signed a plea form advising him that his guilty plea could result in revocation of his PRC and that any new sentence imposed for the PRC violation could be imposed consecutively. At the defendant's plea hearing in *Branham*, the trial court simply told him that he could be sentenced for the PRC violation.

*Branham* at ¶ 11-14. On appeal, this court vacated the plea and reversed, holding that the trial court was required to inform the defendant that if it revoked PRC, a consecutive sentence for the PRC violation was mandatory under R.C. 2929.141(A)(1).

{¶ 6} In *Landgraf*, "the trial court did not inquire at the plea hearing whether [the defendant] was on post-release control at the time of his offense, and the trial court did not address any of the consequences that [the defendant] faced under R.C. 2929.141 if [he] were to plead guilty to a new felony." *Landgraf* at ¶ 22. On appeal, this court held that Crim.R. 11 obligated the trial court to advise the defendant that it could terminate his PRC, that it could impose a prison sentence for the PRC violation, and that any prison sentence it decided to impose for the PRC violation would be required to be served consecutively. *Id.* at ¶ 23. Although the plea form in *Landgraf* addressed the consequences of the defendant pleading guilty to a felony committed while on PRC, this court found the form insufficient because it stated that any prison term imposed for the PRC violation *could be* imposed consecutively, not that it was *required* to be imposed consecutively. *Id.* at ¶ 24.

{¶ 7} In the present case, the State concedes that "*Branham* and *Landgraf* directly support Bishop's first assignment of error[.]" (Appellee's brief at 7). We agree. In fact, the circumstances of the present case indicate less information about consecutive PRC sentencing was provided than the circumstances presented in either of the foregoing cases. Unlike *Branham*, the trial court here did not mention Bishop being on PRC, or the potential for revocation of his existing PRC, or any sentencing implications of revoking his existing PRC. Unlike *Landgraf* and *Branham*, the plea form here did not mention PRC or any consequences of Bishop pleading guilty while on PRC for a prior offense. Consequently, we conclude, based on the authority of *Branham* and *Landgraf*, that the

trial court committed prejudicial error in failing to advise Bishop, at the time of his plea, that any additional sentence imposed for his current PRC violation must be served consecutively. *See Landgraf* at ¶ 29 (Hall, J., concurring) ("That is the law in this district, and the doctrine of stare decisis dictates adherence to it."). Although the State urges us to "overrule" the prior panel opinions in *Branham* and *Landgraf*, we decline to do so. Bishop's first assignment of error is sustained.

{¶ 8} In his second assignment of error, Bishop contends the trial court erred in failing to address alleged factual inaccuracies in his PSI report at sentencing. In light of our determination above that Bishop's plea must be vacated, this assignment of error is overruled as moot.

{¶ 9} Having sustained Bishop's first assignment of error, we hereby reverse the trial court's judgment, vacate his guilty plea, and remand the matter for further proceedings consistent with this opinion.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Michael J. Scarpelli
Carl Bryan
Hon. Timothy N. O'Connell