**[Cite as *State v. Thompson*, 2019-Ohio-4299.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-132 |
| | : | |
| DOUGLAS THOMPSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of October, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Douglas Thompson appeals from his conviction and sentence following a guilty plea to one count of breaking and entering, a fifth-degree felony.

{¶ 2} In his sole assignment of error, Thompson contends the trial court erred during his plea hearing by failing to make clear that it could terminate his post-release control in another case and impose a consecutive sentence for a post-release control violation.

{¶ 3} The record reflects that the breaking-and-entering charge against Thompson involved his breaking into a camper and stealing a television. At the time, he was on post-release control for a prior felony offense out of Hamilton County. During Thompson's plea hearing, the trial court addressed the post-release control and told him: "I just need to advise you that a guilty plea in this case could result in sanctions for violating your post-release control, one of which could be that either the Court or the parole board could terminate your post-release control and could impose a prison sentence upon you for one year or the amount of time you have remaining on Post Release Control, whichever's greater. And that would be consecutive to any sentence you might receive in this case; do you understand that?" (Plea Tr. at 5.) Thompson responded affirmatively. (*Id.*) At sentencing the trial court subsequently imposed a 12-month prison term for breaking and entering. It also revoked Thompson's post-release control. For the post-release control violation, the trial court imposed a consecutive prison term of 19-months, which was what Thompson had remaining on his Hamilton County case.

{¶ 4} On appeal, Thompson concedes that, as quoted above, the trial court initially informed him of the potential punishment for violating post-release control. He claims,

however, that he did not fully understand the court's ability to revoke his post-release control. Thompson asserts that his later statements at sentencing reveal that he mistakenly believed it was up to the parole board, not the trial court, whether to revoke him. He further asserts that his statements show he had reason to believe the parole board would not revoke him. He argues that the trial court failed to correct his misunderstanding and to clarify the issue, and therefore Thompson contends he was prejudiced by a lack of substantial compliance with Crim.R. 11(C).

{¶ 5} Among other things, Crim.R. 11(C)(2)(a) obligates a trial court to advise a defendant of the maximum penalty it could impose. This includes its ability to impose a consecutive sentence for a post-release control violation. *See*, *e.g.*, *State v. Welch*, 2017-Ohio-314, 81 N.E.3d 997 (2d Dist.), ¶ 11; *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 21 ("We conclude that Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on postrelease control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control and to impose a consecutive prison sentence for the postrelease-control violation."). Because Crim.R. 11(C)(2)(a) does not address constitutional rights, however, a trial court need only substantially comply with its requirements. *Welch* at ¶ 10-11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea * * *." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 6} As set forth above, the trial court correctly advised Thompson that either it or the parole board could revoke his post-release control and impose a prison term. It also advised him that any such sentence would be consecutive to his sentence for breaking

and entering. (Plea Tr. at 5.) Thompson indicated that he understood. (*Id.*) Shortly thereafter, the following exchange occurred:

THE DEFENDANT: There's one thing I don't understand, Your Honor, my Post Release Control I'm on now currently, I done a year and a half prison sentence, so they could send me back for half of that, right? It should be nine months.

THE COURT: That's what the parole board could do if you violate your Post Release Control. If you commit a felony while on Post Release Control which you, if you plead guilty to this that would be the case. If that's the case, then the sanction could be that your Post Release Control is terminated and then the sanction would be an additional year or the amount of time you have remaining on Post-Release Control, whichever is greater.

[DEFENSE COUNSEL] MR. MURPHY: That's if the court terminates his—

THE COURT: If the court terminates—

MR. MURPHY: Right. His Post Release Control.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, I understand that.

(*Id.* at 8-9.)

{¶ 7} Although Thompson's lack of understanding concerned the potential amount of prison time he faced if post-release control were revoked,[1] he asserts on appeal that

---

[1] In particular, Thompson asked whether his prison term for violating post-release control would be nine months. This question appears to have been based on R.C. 2943.032, which provides that "if the offender violates the conditions of a post-release control

he was confused about the trial court's—as opposed to the parole board's—ability to terminate post-release control and to impose a consecutive sentence for his remaining post-release-control time. (Appellant's brief at 5.) He argues:

> * * * There is no doubt in this instance Appellant would not have entered a plea had he been aware the Court could sentence him to consecutive sentences on his remaining post-release control time. At sentencing, Appellant indicated to the Court ". . . I'm going to meetings and staying in contact with [parole officer] Miss Longstreth. She's completely aware of this case and said since—if you have no objection, she wasn't going to violate me. She knows I have been doing good since the old case."
> *Tr.*, Sentencing, p. 5-6. Appellant's statement is indicative of his subjective state of mind. Appellant's understanding is that he will not be given additional time for violating post-release control because his parole officer does not intend to revoke him. Appellant does not understand the Court can sentence him consecutively, because the Court did not properly explain to him the Court's role when he questioned the Court about it at the plea hearing. Appellant would never have pled had he been aware the Court could sentence him consecutively. Appellant felt he would not be sentenced consecutively as his understanding was that is the role of parole authority.

---

sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months." For purposes of the trial court's revocation decision, however, it correctly explained that it could impose a prison term of one year or the amount of time remaining on Thompson's post-release-control obligation, whichever was greater. *See Bishop* at ¶ 13, citing R.C. 2929.141(A)(1).

Thus, Appellant was prejudiced and the Court failed to substantially comply with Criminal Rule 11.

(Appellant's brief at 5.)

{¶ 8} Upon review, we find Thompson's argument to be unpersuasive. After the trial court initially explained that either it or the parole board could revoke community control and impose a prison sentence, Thompson stated that there was "one thing" he did not understand. It concerned the length of the prison sentence he could receive for violating post-release control. The trial court and defense counsel correctly proceeded to clarify that if the trial court terminated his post-release control the sanction would be one year in prison or the amount of time Thompson had remaining on post-release control, whichever was greater. (Plea Tr. at 8-9.) Thompson again indicated that he understood and raised no other concerns. (*Id.* at 9.) In this additional explanation, the record persuades us that Thompson subjectively understood the trial court's ability to revoke his post-release control and to impose a consecutive prison term.[2] His argument to the contrary is unpersuasive.

{¶ 9} The assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

---

[2] We note too that, at sentencing, defense counsel urged the trial court not to terminate post-release control and impose prison time for the violation. (Sentencing Tr. at 5.) Immediately after defense counsel made this request, Thompson stated that he had spoken to his parole officer and that, if the trial court had "no objection," the parole officer was not going to revoke him. (*Id.* at 5-6.) This statement further supports our determination that Thompson subjectively understood the trial court's ability to revoke his post-release control regardless of what the parole officer wanted to do.

DONOVAN, J. and TUCKER, J., concur.


Copies sent to:

John M. Lintz
John S. Pinard
Hon. Douglas M. Rastatter