[Cite as *State v. Hamer*, 2021-Ohio-2737.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JESSICA HAMER | : | Case No. 2020CA00030 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                            Pleas, Case No. 2020CR0122



JUDGMENT:                                      Affirmed



DATE OF JUDGMENT:                      August 10, 2021



APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

R. KYLE WITT                                  JAMES A. ANZELMO
CHRISTOPHER A. REAMER              446 Howland Drive
239 West Main Street                          Gahanna, OH  43230
Suite 101

Lancaster, OH  43130
*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Jessica M. Hamer appeals the May 13, 2020 judgment of conviction and sentence of the Fairfield County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this appeal. On March 4, 2020, the Fairfield County Grand Jury returned a nine-count indictment charging Appellant as follows:

{¶ 3}    Count one -- obstructing official business with two firearm specifications;

{¶ 4}   Count two – possession of heroin with two fire arm specifications;

{¶ 5}   Count three – selling, purchasing, distributing, or delivering dangerous drugs, with two firearm specifications;

{¶ 6}   Count four – selling, purchasing, distributing, or delivering dangerous drugs, with two firearm specifications;

{¶ 7}   Count five – possessing drug abuse instruments;

{¶ 8}   Count six – illegal use or possession of drug paraphernalia;

{¶ 9}   Count seven – having weapons under disability with a firearm specification;

{¶ 10} Count eight – carrying a concealed weapon with a firearm specification;

{¶ 11} Count nine – falsification.

{¶ 12} On May 13, 2020, Appellant entered pleas of guilty to count one, obstructing official business, a felony of the fifth degree and the attendant firearm specifications; count two, possession of heroin, a felony of the fifth degree and the attendant firearm specifications; and count seven, having weapons under disability, a felony of the third

degree. The state moved to dismiss the balance of the charges. The parties jointly recommended a four-year aggregate prison term, but the trial court rejected the joint recommendation and sentenced Appellant to an aggregate 5-year prison term.

{¶ 13} At the time she committed the instant offenses, Appellant was on community control in case number 2018-CR-73. The trial court tolled Appellant's community control while she serves the five-year-sentence imposed in the instant matter, and ordered Appellant to resume community control in case number 2018-CR-73 subsequent to her release from prison.

{¶ 14} Appellant filed an appeal and the matter is now before this court for consideration. She raises three assignments of error for our review as follow:

I

{¶ 15} "JESSICA HAMER DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HER GUILTY PLEAS, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

II

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ACCEPTING HAMER'S JOINTLY RECOMMENDED SENTENCE."

III

{¶ 17} "THE TRIAL COURT ERRED BY ORDERING JESSICA HAMER TO SERVE HER PRISON SENTENCE CONSECUTIVE TO HER COMMUNITY CONTROL SENTENCE, IN VIOLATION OF HER RIGHTS TO DUE PROCESS UNDER THE FIFTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 18} In her first assignment of error, Appellant argues her pleas were not knowingly, intelligently or voluntarily entered because the trial court failed to ensure she understood the nature of the charges against her. We disagree.

{¶ 19} Crim.R. 11(C)(2) sets forth a trial court's duties during a felony plea hearing to address the defendant personally, to convey certain information to the defendant, and prohibits acceptance of a guilty plea or no contest without performing these duties. *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428, ¶ 10. The rule specifically provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 20} Crim.R. 11(C)(2) contains both constitutional advisements with which a trial court must strictly comply and non-constitutional advisements with which a trial court must substantially comply. In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766 (2018) the Supreme Court of Ohio stated at paragraph 19:

A trial court need only substantially comply with the nonconstitutional advisements listed in Crim.R. 11(C)(2)(a). *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18. But "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a **nonconstitutional** right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge

partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id*. But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id*. Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id*., quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 21} Here, Appellant argues the trial court failed to ensure she understood the nature of the charges because it failed to ask her if she understood the nature of the charges. This is a non-constitutional right contained in Crim.R. 11(C)(2)(a). Appellant further argues the trial court failed to direct the state to recite the facts of the offenses.

{¶ 22} Appellant fails to provide transcript references to support her arguments. Our review of the record, however, reveals the trial court specifically advised Appellant of the nature of each of the charges to which she pled guilty and further outlined the potential penalties for each charge including maximum potential prison terms, fines, operator's license suspension, forfeiture, and post-release control. Appellant indicated she understood the charges against her each time the trial court inquired. Transcript of plea and sentencing hearing, March 11, 2020, 13-17.

{¶ 23} As for Appellant's argument that the trial court failed to direct the state to recite the facts of each offense, pleas of guilty or no contest in felony cases are governed by Crim.R. 11(C)(2) which does not require a recitation of the facts before a trial court may accept a plea of guilty or no contest.

{¶ 24} We conclude the trial court substantially complied with the non-constitutional requirements of Crim.R. 11(C)(2)(a). The first assignment of error is overruled.

II

{¶ 25} In her second assignment of error, Appellant argues the trial court abused its discretion when it rejected the jointly recommended sentence of four years. We disagree.

{¶ 26} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 27} Appellant argues the trial court abused its discretion by not accepting the jointly recommended sentence because her actions were mitigated by her untreated mental illness, post-traumatic stress syndrome, and the fact that she accepted responsibility by pleading guilty.

{¶ 28} As the state points out, Appellant does not claim her sentence is contrary to law, that the trial court failed to make the appropriate findings, was in anyway involved in the negotiations between the state and counsel for appellant, had made any guarantees as to what Appellant's sentence would be, or had failed to consider Appellant's mental illness. We would note Appellant's signed plea agreement specifically states Appellant understood that while her counsel and the state had made sentencing recommendations to the trial court, "* * *these are recommendations, not promises as to

what the Court will order." Waiver Upon Plea of Guilty, May 12, 2020. Currently, trial courts may reject plea agreements and are not bound by a jointly recommended sentence. See *State ex rel. Duran v. Kelse*y, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.

{¶ 29} Because the trial court was not bound by the sentencing suggestions of the state and counsel for Appellant, we find no abuse of discretion. The second assignment of error is overruled.

III

{¶ 30} In her final assignment of error, Appellant argues her sentence in case number 2018-CR-00073 is contrary to law. The trial court ordered Appellant's community control tolled while Appellant serves the sentence in the instant case.

{¶ 31} We note Appellant has not included case number 2018 CR 00073 in the current appeal. No judgment entry or record has been provided to this court in that matter. Case number 2018-CR-00073 is therefore not properly before this court.

{¶ 32} The third assignment of error is overruled.

{¶ 33} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, J., P.J. and

Delaney, J. concur.

EEW/rw