[Cite as *State v. Reaper*, 2022-Ohio-555.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-21-010

    Appellee                                       Trial Court No.  CRB2000283

v.

Shawn M. Reaper                                 **DECISION AND JUDGMENT**

    Appellant                                      Decided: February 25, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 2, 2021 judgment of the Erie County

Municipal Court, Milan, Ohio, sentencing appellant to serve a prison term of 180 days,

with 60 days suspended, a five-year term of probation, and classifying him as a Tier 1 sex

offender, following appellant's no contest plea on one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a misdemeanor of the first degree.

{¶ 2} For the reasons set forth more fully below, this court vacates appellant's plea and sentence, reverses the trial court judgment, and remands the case to the trial court.

{¶ 3} Appellant, Shawn M. Reaper, sets forth the following two assignments of error on appeal:

"I.  It was error for the trial court to take a plea without [first] telling the appellant he could be facing [Tier 1] sex[ual] [offender] registration [requirements].

"II.  It was error for the court to find the sexual incident that was the basis of the charge was not consen[s]ual."

{¶ 4} The following undisputed facts are relevant to this appeal.  This case stems from a sexual encounter transpiring between appellant, who was 18-years-old at the time of the incident, and a 15-year-old female, who had been appellant's neighbor and friend for several years prior to the encounter.

{¶ 5} Appellant later moved into the girl's home, following the suicide of his sister.  After moving in with the girl's family, appellant asked her father if he could date his daughter.  Her parents responded that their daughter was too young to date appellant and they did not approve.

{¶ 6} Despite the disapproval, the girl and appellant subsequently became intimate. They engaged in sexual intercourse on one occasion. This appeal stems from that sexual encounter.

{¶ 7} Approximately five months after the sexual encounter, the parents of the girl indirectly learned of it via social media postings and confronted their daughter regarding what had occurred.

{¶ 8} At this juncture, the girl acknowledged to her parents that she and appellant had engaged in sex on that occasion and that it had not been consensual on her part.

{¶ 9} Thereafter, a law enforcement investigation commenced. The investigators ultimately determined that the sexual encounter between the two did not constitute felony conduct. Thus, the matter was pursued at the misdemeanor level.

{¶ 10} On September 4, 2020, appellant was charged with one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a misdemeanor of the first degree.

{¶ 11} On September 9, 2020, appellant entered a plea of not guilty. On December 18, 2020, following voluntary negotiations, appellant entered a change of plea, to no contest, on the charge. A presentence investigation was ordered. The propriety of the change of plea underlies this appeal.

{¶ 12} On March 12, 2021, prior to appellant's sentencing, the trial court conducted an R.C. 2950.01 evidentiary hearing for purposes of determining whether the sexual incident between the parties had been consensual.

3.

{¶ 13} In the course of the evidentiary hearing, opposing testimony was presented to the trial court by the two parties to the disputed occurrence. The girl testified that she was raped by appellant. She maintained that she said no and did not engage in sex willingly.

{¶ 14} Conversely, appellant testified that she invited him into her bedroom to watch television, she initiated the encounter, she did not say no, and she engaged in it voluntarily.

{¶ 15} There were no other witnesses. There was no non-testimonial evidence presented. The record is devoid of independent, objective evidence regarding what occurred.

{¶ 16} Following the hearing, the trial court found that the sexual encounter had not been consensual, thereby triggering Tier 1 sex offender status and requirements for appellant.

{¶ 17} On April 2, 2021, appellant was sentenced to 180 days in prison, with 60 days suspended, a five-year term of probation, and was ordered to register as a Tier 1 sex offender, pursuant to R.C. 2950.01.

{¶ 18} The record reflects that appellant was given no advance knowledge by the trial court regarding the possibility of facing a sexual offender classification prior to entering his change of plea. This appeal ensued.

4.

{¶ 19} In the first assignment of error, appellant maintains the trial court erred in the complete failure to inform appellant at any time prior to appellant's change of plea of the possibility that appellant could be classified as a sex offender. We concur.

{¶ 20} Crim.R. 11(D) establishes, "*In misdemeanor cases involving serious offenses the court * * * shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily*." (Emphasis added).

{¶ 21} In conjunction, the Ohio Supreme Court uniformly holds that, "Due process requires the defendant's plea be made knowingly, intelligently, and voluntarily; *otherwise, the defendant's plea is invalid*." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10. (Emphasis added).

{¶ 22} Of particular relevance in our consideration of the merits of this case, the Ohio Supreme Court decision in *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286 is illustrative.

{¶ 23} *Dangler* discusses in detail the constitutional due process importance of the trial court alerting a defendant prior to the acceptance of a change of plea of the potential applicability of a sexual offender status and requirements as a result of the change of plea.

{¶ 24} In *Dangler*, appellant's change of plea resulted in a Tier III sex offender classification. Although the trial court did notify appellant prior to the plea that it would

result in appellant having to register as a Tier III sex offender, unlike the complete failure to inform by the trial court in the instant case, appellant nevertheless maintained that the trial court failed to completely explain all of the specific requirements which would accompany appellant's sexual offender classification.

{¶ 25} The *Dangler* court emphasized, "Because a no contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary * * * if the plea was not made knowingly, intelligently, and voluntarily, *enforcement of that plea is unconstitutional.*" *Dangler* at ¶ 10. (Emphasis added).

{¶ 26} The *Dangler* court subsequently elaborated that the key consideration in resolving such change of plea cases is, "[W]hether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Id.* at ¶ 12.

{¶ 27} The *Dangler* court next determined that, "[W]e proceed with the assumption that the [sex offender registration] scheme as a whole constitutes a penalty for purposes of Crim.R. 11. *Id.* at ¶ 20.

{¶ 28} *Dangler* ultimately concluded that, "[A]lthough R.C. Chapter 2950 contains a mixture of remedial and punitive elements * * * the statutory scheme as a whole * * * [is] punitive * * * Because the trial court in this case advised Dangler that he would be subject to the registration requirements of that statutory scheme, *the trial court*

6.

*did not completely fail to comply with Crim.R. 11's maximum penalty advisement*

*requirement.*" *Id.* at ¶ 22. (Emphasis added).

{¶ 29} Conversely, there was no advisement whatsoever given by the trial court to appellant in the present case so that appellant even arguably understood the consequences of the plea. The record shows that there was a complete failure to inform appellant of a potential sex offender classification prior to his change of plea.

{¶ 30} Of further significance to our resolution of this case, we look to an Eighth District Court of Appeals case that is substantively akin to the factual scenario presented in this appeal.

{¶ 31} This is another case in which the trial court completely failed to inform the defendant prior to the change of plea of the possibility of a sex offender classification resulting from the change of plea.

{¶ 32} In *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972 (8th Dist.), the court concluded that, "[T]he record is clear that the trial court did not even mention sex offender classification until after it accepted Brown's pleas * * * *the trial court's omission of any reference to sexual offender classification at the change of plea hearing constituted a complete failure to comply with Crim.R. 11 and the defendant's guilty plea was, therefore, void.*" *Brown* at ¶ 29-30. (Emphasis added).

{¶ 33} Accordingly, in our consideration of the merits of this case, we have scrutinized the transcripts of the December 18, 2020 change of plea hearing.

7.

{¶ 34} At the change of plea hearing, the trial court stated to appellant, "If you plead no contest, you're waiving certain constitutional rights * * * Those rights include your right to a trial on this charge."

{¶ 35} In addition, the trial court further advised appellant that, "This court could sentence you to the maximum penalty provided in the law for this offense, which is up to six months in jail and a fine of $1000. Do you understand that?"

{¶ 36} Appellant replied, "Yes, Your Honor."

{¶ 37} No other references to other possible consequences resulting from the change of plea were relayed to appellant by the trial court prior to his change of plea.

{¶ 38} The record of evidence clearly reflects that the trial court omitted and completely failed to inform appellant of the possibility of a sexual offender classification resulting from appellant's change of plea prior to accepting the change of plea.

{¶ 39} We find that the record in this case shows that the trial court erred in completely failing to advise appellant of the potential sex offender classification resulting from his change of plea, as required by Crim.R. 11 and *Dangler*, and consistent with *Brown*.

{¶ 40} This omission constituted a breach of Crim.R. 11. Accordingly, we find that appellant's plea was not knowingly, intelligently, and voluntarily made. Thus, the plea is invalid and void.

{¶ 41} In conjunction with the above, and as held by the Ohio Supreme Court in *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, "*[S]tructural errors*

8.

*are constitutional defects that* * * * *affect the framework within which the trial proceeds, rather than simply being an error in the trial process itself* * * * Such errors *permeate the entire conduct of the trial* * * * *[S]o that the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence.*" *Perry* at ¶ 17-18. (Emphasis added).

{¶ 42} We further find that the above-described Crim.R. 11 violation, and the constitutional infringement resulting from the violation, likewise constituted structural error. It precluded a reliable determination of appellant's guilt or innocence.

{¶ 43} Wherefore, we find appellant's first assignment of error well-taken.

{¶ 44} In appellant's second assignment of error, appellant maintains that the trial court erred in the March 12, 2021 determination, subsequent to the December 18, 2020, change of plea hearing, that the sexual encounter occurring between the parties was not consensual.

{¶ 45} Given our determination in response to the first assignment of error, finding that the trial court breached Crim.R. 11(D) during the change of plea hearing, thereby rendering the plea void, we consequently find that the trial court's subsequent determination on the issue of consent, which would not have occurred but for the void change of plea, is likewise void as a matter of law.

{¶ 46} Thus, we find that appellant's second assignment of error is moot based upon our determination in response to appellant's first assignment of error.

9.

**{¶ 47}** On consideration whereof, we vacate the plea, vacate the sentencing judgment resulting from the void plea, and reverse and remand this case to the trial court. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                      JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.                       _____
CONCUR.                                             JUDGE

                                             _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.