[Cite as *State v. Stafford*, 2025-Ohio-5844.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31288 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESHAWN STAFFORD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2022-09-3273 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

SUTTON, Judge.

{¶1} Defendant-Appellant Deshawn Stafford appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court reverses.

I.

**Relevant Background Information**

{¶2} Mr. Stafford was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)/(C)(4)(g), a felony of the first degree, plus a major drug offender specification pursuant to R.C. 2941.1410(A); and one count of possession of cocaine, in violation of R.C. 2925.03(A)/(C)(4)(f), a felony of the first degree, plus a major drug offender specification pursuant to R.C. 2941.1410(A). Mr. Stafford originally pleaded not guilty to the charges.

{¶3} After some time, Mr. Stafford changed his plea to guilty. Mr. Stafford pleaded guilty to one count of trafficking in cocaine, a felony of the first degree, along with the major drug offender specification. The State dismissed the other count of trafficking in cocaine and major

drug offender specification. The trial court sentenced Mr. Stafford to an indefinite prison term of a minimum of 11-years to a maximum of 16.5-years. This sentence was ordered concurrent with sentences in Mr. Stafford's three other criminal cases at that time.

{¶4} Mr. Stafford appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY FINDING [MR. STAFFORD] GUILTY TO THE CHARGE OF TRAFFICKING IN COCAINE AND TO THE MAJOR-DRUG-OFFENDER SPECIFICATION, CONTRARY TO DUE PROCESS AND THE OHIO RULES OF CRIMINAL PROCEDURE.**

{¶5} In his sole assignment of error, Mr. Stafford argues his plea is not valid. Specifically, Mr. Stafford argues the trial court: (1) failed to inform him that, by pleading guilty, he would waive the right to force the State to prove each and every element of each offense beyond a reasonable doubt; and (2) failed to advise him of the maximum sentence of 11 to 16.5 years under the Reagan Tokes Act. The State, in its brief, conceded error by the trial court in failing to advise Mr. Stafford that, by pleading guilty, he would waive the right to force the State to prove each and every element of each offense beyond a reasonable doubt. Because it is dispositive to this appeal, we will address this argument first.

{¶6} "A criminal defendant's choice to enter a guilty plea is a serious decision." *State v. Blouir*, 2022-Ohio-1222, ¶ 12 (9th Dist.), quoting *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *Blouir* at ¶ 12.

{¶7} In felony cases, the Supreme Court of Ohio has indicated:

Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. [*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26]; *see* Crim.R. 11(C). The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies. *Veney* at ¶ 13. While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b). *Id*. at ¶ 18.

*Bishop* at ¶ 11. Specifically, Crim.R. 11(C)(2)(c) states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

. . .

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's *guilt beyond a reasonable doubt* at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.)

{¶8} In *State v. Veney* at ¶ 21, the Supreme Court of Ohio stated, "the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of an accused." As such:

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

*Veney* at syllabus.

{¶9} "[S]trict compliance simply means that the court has to notify the defendant of each one of the constitutional rights that the defendant is giving up; and if the court fails to do so, the

guilty plea is invalid-no showing of prejudice is required." *State v. Miller*, 2020-Ohio-1420, ¶ 17. The trial court "cannot simply rely on other sources to convey th[o]se rights to the defendant," and "a signed written waiver of constitutional rights does not effect a legal waiver in the absence of the necessary colloquy between the court and the defendant," (Internal citations omitted.) *State v. Phillips*, 2025-Ohio-1235, ¶ 14 (10th Dist.).

{¶10} Here, the relevant portion of the trial court's colloquy with Mr. Stafford states, "[a]nd during trial, you have the right to force the prosecution to prove each and every element of the offenses contained in the indictment. If you plead guilty, you're giving up the right to force them to do that at trial." Completely missing from the colloquy between the trial court and Mr. Stafford, however, are the words "beyond a reasonable doubt," which is the level of proof necessary for the State to prove each and every element of the charged crimes in order to convict Mr. Stafford. Therefore, although the trial court told Mr. Stafford the State would have to prove each and every element of the crimes charged, it did not advise him that level of proof was beyond a reasonable doubt.

{¶11} Thus, because the trial court did not strictly comply with Crim.R. 11(C)(2)(c) by failing to advise Mr. Stafford that, by pleading guilty, he would waive the right to force the State to prove each and every element of each offense *beyond a reasonable doubt*, his plea is invalid.

{¶12} Accordingly, Mr. Stafford's sole assignment of error is sustained.

III.

{¶13} For the foregoing reasons, Mr. Stafford's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this decision.

Judgment reversed,
cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.