[Cite as *State v. Baker*, 2020-Ohio-4199.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 20 COA 011 |
| DEAONTE D. BAKER | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  19 CRI 111

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT ENTRY:          August 25, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL              MATTHEW J. MALONE
PROSECUTING ATTORNEYT              LAW OFFICE of MATTHEW J. MALONE
COLE F. OBERLI                      10 East Main Street
ASSISTANT PROSECUTOR               Ashland, Ohio  44805
110 Cottage Street
Ashland, Ohio  44805

*Wise, J.*

{¶1}   Appellant, Deaonte Baker, appeals his conviction and sentence after a negotiated guilty plea in the Ashland County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On May 10, 2019, Appellant was indicted with one count of Complicity to Aggravated Burglary in violation of R.C. 2923.03(A)(2) and R.C. 2911.11(A)(1), a felony in the first degree, one count of Complicity of Aggravated Robbery in violation of R.C. 2923.03(A)(2) and R.C. 2911.02(A)(2), a felony in the second degree, and one count of Complicity to Kidnapping in violation of R.C. 2923.03(A)(2) and R.C. 2905.01(A)(2), a felony in the second degree. A repeat violent offender specification under R.C. 2941.149(A) was attached to each of these three counts. Appellant was also indicted with one count of Complicity to Tampering With Evidence in violation of R.C. 2923.03(A)(2) and R.C. 2921.12(A)(1), a felony in the third degree. At the time of the crimes, Appellant was on post-release control.

{¶3}   On October 3, 2019, Appellant retained his own counsel.

{¶4}   On December 31, 2019, Appellant entered a plea of guilty to Complicity to Aggravated Burglary and Complicity to Aggravated Robbery. The remaining counts were dismissed as part of a negotiated plea agreement.

{¶5}   Prior to entering the guilty plea Appellant signed a Waiver of Constitutional Rights and Plea form which contained the following advisement: "the Court further finds that the Defendant understands that if he is on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result

in revocation proceedings and any new sentence could be imposed consecutively." See Waiver of Constitutional Rights and Plea, December 31, 2019.

{¶6} At the Change of Plea hearing, the trial court entered into a colloquy with Appellant relating to the current charges stating, "following your release from prison you would then be subject to further Post-Release control for a period of five years, it would be mandatory." Change of Plea Transcript, pp. 16-18. The trial court also explained that if Appellant committed a brand new felony while on this post-release control, the sentencing court could revoke the post-release control and the related sanction would be imposed consecutive to any new or additional prison sentence for the new felony.

{¶7} On February 10, 2020, the trial court sentenced Appellant to serve a minimum prison term of five years and an indefinite term of seven and one-half years on Count One, Complicity to Aggravated Burglary and three years on Count Two, Complicity to Robbery. The trial court imposed those sentences to be served consecutively.

{¶8} In addition, the trial court revoked Appellant's post-release control and ordered that a three-year prison sentence be imposed, also consecutive to Count One and Count Two. The aggregate prison term is eleven to thirteen and one-half years.

## ASSIGNMENT OF ERROR

{¶9} On March 11, 2020, Appellant filed a notice of appeal. He herein raises the following Assignment of Error:

{¶10} "I. APPELLANT'S PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED BECAUSE THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11 BEFORE ACCEPTING APPELLANT'S GUILTY PLEAS."

**I.**

**{¶11}** In Appellant's sole Assignment of Error, Appellant argues his plea was not knowingly, intelligently, and voluntarily entered as the trial court did not inform him prior to accepting his guilty plea that pursuant to R.C. 2929.141(A)(1) a sentence for a post-release control violation must be served consecutively to the sentence imposed for the new felony. We agree.

**{¶12}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989).

**{¶13}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Literal compliance with Crim.R. 11 is preferred; however, the trial court only needs to "substantially comply" with the rule when addressing the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), *citing State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs*, the Ohio Supreme Court adopted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional
>
> rights would invalidate a guilty plea under a presumption that it was entered

involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero*, 56 Ohio St.3d 106,] 108, 564 N.E.2d 474 [(1990)]. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of the circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of the plea]. *See, State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509 at ¶* 19-20.

**{¶14}** *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814, N.E.2d 51 at ¶12.

**{¶15}** Crim.R. 11 requires a trial court to inform a defendant on post-release control who is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose an additional prison term known as a "judicial sanction." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766 at ¶13. The trial court is not required to impose a judicial sanction, but if it does, the additional term must be served consecutively to the prison term for the new felony. *Id.*

**{¶16}** In *Bishop*, the defendant pled guilty to a felony drug possession charge while on post-release control. *Id.* at ¶3. The trial court sentenced the defendant to serve a nine-month sentence for the possession offense, and a one-year sentence under R.C. 2929.141 to be served consecutively to his sentence on the possession offense. *Id.* at ¶4. The trial court did not instruct the defendant that any judicial sanction imposed for violating his current parole must be served consecutive to any prison sentence imposed for the felony drug possession charge. *Id.* at ¶20. The Ohio Supreme Court found the defendant did not need to show prejudice as this was not a partial compliance because the trial court

failed to inform the defendant that a consecutive prison sentence under R.C. 2929.141(A) was possible. *Id.*

**{¶17}** This Court held, "when a defendant is facing a consecutive sentence he or she should be explicitly made aware of that consequence." *State v. Reffitt,* 5th Dist. Muskingum No. CT2018-0017, 2018-Ohio-4364, ¶19.

**{¶18}** In *Reffitt,* the defendant pled guilty to a Drug Possession charge while on post-release control for a Burglary charge. The plea form signed by the defendant stated, "if I am now on felony probation, parole, under a community control sanction, or under post-release control from prison , this plea may result in revocation proceedings and any new sentence could be imposed consecutively." *Id.* at ¶17. The trial court judge told the defendant,

> Do you understand if you commit a new felony while on post-release control, in addition to any sentence you receive for the new felony, additional time could be added to that sentence in the form of time you have left on post-release control, or one year, whichever is greater?

**{¶19}** *Id.*

**{¶20}** This Court found that this language is insufficient because it stated that any prison term imposed for the post-release control violation could be imposed consecutively, not that it was required to be imposed consecutively. *Id.* at ¶16. The trial court should have informed the defendant that if a prison term was imposed on the Drug Possession charge and the trial court chose to revoke his post-release control and impose a judicial sanction, the judicial sanction sentence must be served consecutively. *Id.* at ¶18. R.C. 2929.141(A)(1) does not grant the trial court any discretion. *Id.*

**{¶21}** In the case sub judice, Appellant signed similar paperwork with misleading language suggesting that the trial court has the discretion to impose any sentence relating to the revocation of post-release control consecutively. They do not. Appellant was given a full explanation of the consequences of a felony conviction while on post-release control with regards to his current charges, but not with respect to his current post release control. This does not constitute partial compliance with Crim.R. 11. We conclude the trial court completely failed to inform Appellant at the Change of Plea hearing that a consecutive prison sentence under R.C. 2929.141(A) was possible. Appellant is not required to show that he was prejudiced by the trial court's error.

**{¶22}** Appellant's First Assignment of Error is sustained.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed, the plea is vacated, and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/br 0824