[Cite as *State v. Bowen*, 2024-Ohio-606.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Court of Appeals No.    WD-23-034

Appellee

Trial Court No. 2022CR0515

v.

Clayton Joshua Bowen

**DECISION AND JUDGMENT**

Appellant

Decided: February 16, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Clayton Joshua Bowen, appeals from the judgment of the Wood County Court of Common Pleas in case No. 2022CR0515, convicting him of a violation of R.C. 2923.02, 2950.04(E) and 2950.99(A)(1)(a)(ii), Attempted Failure to Register, a felony of the fifth degree and sentencing him to a term of imprisonment of eleven (11)

months in the Ohio Department of Corrections and Rehabilitation.  As a result of this conviction, the trial court also found appellant in violation of the terms of his community control in Wood County case No. 2020CR0435 and imposed an additional term of incarceration of one (1) year to be served consecutively, pursuant to R.C. 2929.141, for a total term of imprisonment of one (1) year and eleven (11) months.

{¶ 2} Appellant asserts that he was not advised of the maximum sentence that he could have been subjected to as a result of his plea and therefore, the court failed to comply with Crim.R. 11(C)(2)(a).  Appellee concedes error on this issue, which is the sole assignment of error presented for our review.  Upon our review, we agree.

Procedural History

{¶ 3} Appellant's case before this court is inextricably intertwined with a prior case from the Wood County Common Pleas Court, case No. 2020CR0435.  In that case, appellant pled guilty to Unlawful Sexual Conduct with a Minor, a violation of ORC sections 2907.04(A) and 2907.04(B)(1), a felony of the fourth degree.

{¶ 4} On November 6, 2020, the trial court sentenced him to a term of imprisonment of eighteen (18) months in the Ohio Department of Rehabilitation and Corrections.  He was also advised that he was subject to a mandatory period of post release control up to a maximum period of five (5) years.

{¶ 5} On December 8, 2022, the Wood County Grand Jury indicted Bowen fo Failure to Register, in violation of R.C. 2950.04(E) and 2950.99(A)(1)(a)(ii).

2.

{¶ 6} Thus, Bowen was still under a period of postrelease control at the time of the indictment in this case No. 2022CR0515.

{¶ 7} The record indicates that, as a result of the indictment in the new felony in this case, the Adult Parole Authority (APA) remanded appellant into custody at some point.

{¶ 8} The record further establishes that at the time he entered into a plea of guilty in this case, on March 7, 2023, Bowen remained under the supervision of the APA with a maximum of 1,744 days of postrelease control time that could be imposed pursuant to R.C. 2929.141.

### The Plea

{¶ 9} At the time of the plea in this case, the trial court, in advising Bowen of the maximum sentence, the following colloquy took place:

> THE COURT: I'm going to point your attention to paragraph (D) that says you are pleading guilty to amended Count One, attempted failure to register, in violation of the Revised Code sections, as outlined there, a felony of the fifth degree. Paragraph (G) states that as a felony of the fifth degree there is a maximum prison term of 12 months, a maximum fine of $2,500. There is no mandatory fine, no mandatory prison term, and a prison term is not presumed. What is

3.

presumed is term of community control or what is also known as probation.

Community control can last up to five years. It can include certain requirements of restitution, drug and alcohol treatment, community service, but it can also include up to 180 days of local incarceration in the Wood County Justice Center or in a community based Corrections facility. Do you understand all those potential penalties?

THE DEFENDANT: Yes.

The Plea Form

{¶ 10} The plea form in this case, states, in pertinent part:

F. EFFECT OF PLEA OF GUILTY.

***

I understand that if I am now on felony probation, on parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively.

G. MAXIMUM PENALTY. I understand that the maximum penalty as to each count is as follows: Offense: Amended Count One: Attempted Failure to Register in violation of OCR Sections 2923.02 and 2950.04(E) and 2950.99(A)(1)(a)(ii) a Felony of the Fifth Degree, Maximum Prison Term:

Twelve (12) Months. Maximum Fine: $2,500. Mandatory Fine: No, Prison Term

Mandatory: No, Prison Term Presumed: No,

H. CONSECUTIVE SENTENCES. I understand that the sentence for two or

more offenses, even if the sentences are not mandatory, may be required by the

Court to be served consecutively.

{¶ 11} The facts in this appeal are almost indistinguishable from *State v. Acosta*,

6th Dist. Wood No. WD-22-020, 2023-Ohio-737. In that case, we held that the trial court

failed to comply with Crim.R. 11, as the court did not advise appellant at his plea hearing

that the potential R.C. 2929.141(A) sentence was part of the "maximum penalty

involved", citing to the Ohio Supreme Court's opinion in *State v. Bishop*, 156 Ohio St.3d

156, 2018-Ohio-5132, 124 N.E.3d 766.

{¶ 12} In this case, the record reveals that this omission had come to the attention

of the trial court at the time of sentencing. It noted in the May 30, 2023 sentencing entry:

> Previous to this date, on May 16th, 2023, the Defendant appeared for
>
> sentencing. At that time the Court informed Defendant that since his plea
>
> entry the Court had received notification on April 24, 2023 that Defendant
>
> was currently under the supervision of the Adult Parole Authority with a
>
> maximum of 1,744 days of post release control time that could be imposed
>
> pursuant to R.C. 2929.141. The Court had not advised the Defendant of
>
> this possible imposition of incarceration time at the plea hearing. Because

5.

of this the Court advised Defendant of the possible imposition of the post-release control time, the fact that he was entitled to have notice of that possible imposition at the plea hearing, the fact that the court did not have the information a the time of the plea hearing, and that if Defendant wanted to the Court would accept a request to withdraw his plea. See State v. Acosta, 6th Dist. Wood App. No. WD-22-020, 2023-Ohio-737. On May 16 the Defendant asked for additional time to consider his options.

The Court granted the Defendant the opportunity to consider his options and reset the sentencing for May23. At the May 23 sentencing hearing the Court re-addressed the issue of the imposition of thepost-release control time. Defendant acknowledged that the Court could impose that time, that he was not advised of that possibility at the plea hearing, and that in spite of that failure he did not want to withdraw his plea and would proceed forward with the understanding that the Court could impose the post release control time up to the total of 1,715 days still remaining.

{¶ 13} The appellee concedes that at no point in the record did the court advise Bowen that the potential consecutive R.C. 2929.141(A) sentence was part of the "maximum penalty involved."

6.

**{¶ 14}** Therefore, we find in this case that appellant's guilty plea was not knowingly, intelligently and voluntarily made. Accordingly, Bowen's single assignment of error is well-taken and granted.

Conclusion

**{¶ 15}** The judgment of the Wood County Court of Common Pleas is reversed, Bowen's guilty plea is vacated and this matter is remanded to the trial court to proceed in a manner consistent with this opinion. Appellee is to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                       JUDGE
Christine E. Mayle, J.        

Charles E. Sulek, P.J.       _____
CONCUR.                                         JUDGE

                                      _____
                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.