**[Cite as *State v. Smith*, 2024-Ohio-1133.]**

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | | Hon. W. Scott Gwin, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| SHAWN M. SMITH | : | | Case No. 22CA000044 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Guernsey County
Court of Common Pleas, Case No.
22CR05


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT:        March 25, 2024


APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
Assistant Prosecuting Attorney
Guernsey County, Ohio
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL GROH
1938 Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}   The appellant, Shawn Smith, appeals his conviction and sentence after a negotiated plea in the Guernsey County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}   On January 13, 2022, the appellant was indicted for Having Weapons Under Disability in violation of R.C. §2925.13(A) and Aggravated Possession of Drugs in violation of R.C. §2925.11(C)(1)(a).

{¶3}   On January 27, 2022, the appellant entered a plea of not guilty to the indictment.

{¶4}   On July 28, 2022, the appellant entered a change of plea to guilty on the Having Weapons Under Disability charge.

{¶5}   On August 29, 2022, the appellant filed a Motion to Withdraw his plea.

{¶6}   On November 3, 2022, the trial court denied the appellant's Motion to Withdraw.

{¶7}   On November 15, 2022, the trial court sentenced the appellant to twenty-four months in prison for the charge of Having Weapons Under Disability and twelve months for a violation of post-release control.

{¶8}   The appellant filed a notice of appeal and raised the following assignment of error.

{¶9}   "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND OHIO CRIM. R. 11 BY FAILING TO INFORM

APPELLANT THAT IT COULD TERMINATE HIS POST RELEASE (sic) CONTROL AND IMPOSE ADDITIONAL SANCTIONS ON HIM."

## I.

**{¶10}** In the appellant's sole assignment of error, the appellant argues his plea was not knowingly, intelligently, and voluntarily entered as the trial court did not inform him prior to accepting his guilty plea that pursuant to R.C. §2929.141(A)(1) a sentence for a post-release control violation must be served consecutively to the sentence imposed for the new conviction. We agree.

### STANDARD OF REVIEW

**{¶11}** Crim.R. 11 requires guilty pleas be made knowingly, intelligently, and voluntarily. Literal compliance with Crim.R. 11 is preferred; however, the trial court only needs to "substantially comply" with the rule when addressing the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶12}** The Ohio Supreme Court has held that Crim.R. 11 requires a trial court to inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766.

### ANALYSIS

**{¶13}** In the case *sub judice*, the appellant argues that the trial court failed to inform him that by pleading guilty to a felony offense, the trial court may revoke his post-release control. The State does not dispute this, but suggests that this argument was

waived by the filing of a Motion to Withdraw Plea. The State provides no support or citation to legal authority for their argument.

{¶14} Upon review of the record, we find the trial court failed to inform the appellant at the time he changed his plea that a consecutive prison sentence under R.C. §2929.141(A) was possible. As such, we find the appellant's plea was not made in a knowing, intelligent, and voluntary manner.

{¶15} Accordingly, the appellant's sole Assignment of Error is sustained.

## CONCLUSION

{¶16} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is reversed, the plea is vacated, and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.