[Cite as *State v. Harmon*, 2024-Ohio-1407.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-04-007 |
| | : | O P I N I O N |
| - vs - | | 4/15/2024 |
| | : | |
| PRINCESS M. HARMON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20220133


Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, and Michael S. Klamo, Assistant Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.



**PIPER, J.**

{¶ 1}  Appellant, Princess Harmon, appeals her conviction and sentence after a guilty plea in the Madison County Court of Common Pleas.

{¶ 2}  On August 12, 2022, Harmon was indicted for grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a fourth-degree felony.  At the time of the offense, Harmon was on postrelease control.  Harmon pled not guilty.

{¶ 3} On November 4, 2022, Harmon pled guilty to one count of attempted grand theft of a motor vehicle, a fifth-degree felony. During the plea colloquy, the trial court advised Harmon of the maximum penalty for the offense and informed her that her "maximum exposure is 12 months in the penitentiary and a $2,500 fine." However, the trial court did not advise Harmon that it could terminate the postrelease control that she was on at the time of the offense and impose an additional consecutive prison sentence.

{¶ 4} On March 14, 2023, the trial court sentenced Harmon to nine months in prison for the charge of attempted grand theft of a motor vehicle. The trial court also imposed a consecutive prison term of twelve months for the violation of postrelease control. Harmon filed a timely appeal, raising one assignment of error for review:

{¶ 5} THE COURT COMMITED [sic] REVERSIBLE ERROR BY FAILING TO ADVISE THE DEFENDANT THAT IT COULD, AND IN FACT DID, TERMINATE HER PRIOR POST RELEASE CONTROL AND IMPOSE A PENITENTIARY SENTENCE UPON HER ENTERING A GUILTY PLEA TO THE CURRENT OFFENSE.

{¶ 6} Harmon argues the trial court erred by not informing her that it could terminate the postrelease control she was on at the time of the offense and impose an additional consecutive sentence for her postrelease control violation. The state concedes the required advisement was not made.

{¶ 7} Crim.R. 11 requires that guilty pleas be made knowingly, intelligently, and voluntarily. The supreme court has held that Crim.R. 11 requires a trial court to inform a defendant who is on postrelease control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's postrelease control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 21; *State v. Smith*, 5th Dist. Guernsey No. 22CA000044, 2024-Ohio-1133, ¶ 12; *State v. Hill*, 3d Dist. Marion No.

9-22-58, 2023-Ohio-2813, ¶ 11.

**{¶ 8}** In this case, both Harmon and the state agree the trial court failed to inform Harmon of the trial court's authority as discussed by the supreme court in *Bishop.* Upon review of the record, we agree that Harmon was not so informed. As such, we find Harmon's plea was not made in a knowing, intelligent, and voluntary manner. *Smith* at ¶ 14; *State v. Bowen*, 6th Dist. Wood No. WD-23-034, 2024-Ohio-606, ¶ 14. Accordingly, Harmon's sole assignment of error is sustained. For the foregoing reasons, the plea is vacated, and this matter is remanded for further proceedings.

**{¶ 9}** Reversed and Remanded.

S. POWELL, P.J., and M. POWELL, J., concur.